UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELLISA RICHARDSON,<br><br>        Plaintiff,<br><br>   v.<br><br>CASCADE SKATING RINK, et al.,<br><br>        Defendants. | Civil No. 19-08935<br><br>**OPINION** |

**APPEARANCES**:

DELLISA RICHARDSON
1510 Chestnut Lane
Westville, New Jersey 08093

   *Plaintiff, appearing pro se.*

**HILLMAN, District Judge**

   Presently before the Court is the motion of Plaintiff, Dellisa Richardson, for default judgment to be entered against Defendants Cascade Skating Rink and Juan Live Life Entertainment (collectively "Defendants"). (ECF No. 13). For the reasons expressed below, Plaintiff's motion will be DENIED without prejudice.

**BACKGROUND**

   Plaintiff filed suit against Defendants on March 25, 2019 claiming that they were infringing on her "Silent Skate" trademark. (ECF No. 1 ("Compl.") at 3). Despite being served

1

with the complaint, Defendant Cascade Skating Rink did not file an answer or otherwise defend itself in this matter. (ECF No. 8). Jesse Robinson ("Robinson") filed an Answer and Motion for Summary Judgment on June 5, 2019 on behalf of "Live Life Headphones, LLC," which Robinson asserted was improperly pleaded as Juan Live Life Entertainment. (ECF Nos. 6-7). This Court struck both the Answer and Motion for Summary Judgment because it appeared Robinson was not a lawyer and failed to enter any appearance with this Court. (ECF No. 10). This Court ordered Defendant Live Life Headphones, LLC to retain an attorney and have that attorney make an appearance in this matter within thirty days from the entry of the Order, which was dated July 3, 2019. (ECF No. 10). To date, Defendant Live Life Headphones, LLC has failed to do so.

On December 4, 2019, Plaintiff filed a request for entry of default as to Defendants. (ECF No. 12). The following day, on December 5, 2019, the Clerk of Court entered default against Defendants. On March 16, 2020, the Plaintiff moved for default judgment against Defendants. (ECF No. 13).

### DISCUSSION

A. Default

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for

2

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default."  FED. R. CIV. P. 55(a).  The Clerk entered default against Defendants on December 5, 2019.

B. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who fails to file a timely responsive pleading.  Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  However, a party seeking a default judgment is not entitled to such a judgment as a right.  See Franklin v. Nat'l Maritime Union of America, No. 91-480, 1991 WL 131182, *1 (D.N.J. 1991) (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is instead "left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

When deciding whether to grant a default judgment, "all well-pleaded allegations in a complaint, except those relating to the amount of damages, are admitted as true following a

default." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1146 (3d Cir. 1990).  However, the Court must still determine "whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  Chanel, 558 F.Supp.2d at 535 (citing Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  If a review of the Complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

C. Analysis

   1. Whether Plaintiff has stated a cause of action

   In her complaint, Plaintiff alleges (1) Defendants "infringed on [her] Silent Skate trademark after (Juan) Live Life Entertainment have [sic] been notified of the trademark existence;" (2) Defendants "infringed on [her] 'Silent Skate' trademark multiple times, causing a lot of [her] customers who

4

witnessed these events to be confused." (Compl. at 3). Plaintiff sought the following relief: "all the profit that was made from every event based off the capacity of the skating rink," "court costs, time spent off work, and pain and suffering." (Compl. at 4).

To state a claim for trademark infringement, Plaintiff must establish: (1) "it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000).

Plaintiff's complaint alleges that Defendants infringed on her "Silent Skate" trademark and caused a lot of confusion amongst her customers. This Court has previously granted Plaintiff's application to proceed in forma pauperis and directing the filing of the Complaint which could be construed as a finding that the Complaint stated a valid cause of action and was well pled; nevertheless, this Court recognizes "[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." Magruder v. Grafton Corr. Inst., No. 19-1980 2020 WL 2814532, at *3 (N.D. Ohio April 1, 2020). After more careful scrutiny of the complaint, the Court finds that the threadbare, minimal facts pleaded in the complaint for

5

Plaintiff's claim do not permit the Court to enter judgment in Plaintiff's favor at this time, for two reasons.

First, most, if not all, of Plaintiff's allegations are conclusions of law that Defendants, as parties in default, cannot admit to.  Animal Science Products, Inc. v. China Minmetals Corp., 34 F. Supp. 3d 465, 477 n.2 (D.N.J. 2014) (citation omitted) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").  Second, as the Third Circuit Court of Appeals has instructed, when applying the Twombly/Iqbal standard this Court must separate out the mere recitations of the legal elements and determine whether the factual allegations standing alone constitute a plausible claim for relief.  Here, the Court is unable to do that in light of the threadbare allegations.

When the complaint I stripped of the allegations of the legal elements of a trademark infringement claim, there are no facts in Plaintiff's complaint to allow the Court to determine whether the Defendants infringed on Plaintiff's trademark rights.  The Court should not be left to speculate or guess — or discern from sources other than the complaint itself — as to the who, what, when, why, and how of defendant's alleged infringement of Plaintiff's trademark rights.

6

Consequently, this Court will not enter judgment against the defaulting Defendants when the complaint would most likely not survive a Federal Civil Procedure Rule 12(b)(6) challenge for failure to comply with the Twombly/Iqbal pleading requirements.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009)). The Court will, however, provide Plaintiff with an opportunity to file an amended complaint, serve it on Defendants, and proceed with the default and default judgment process of Rule 55 if Defendants again fail to respond to Plaintiff's complaint. Plaintiff shall have thirty days to file and serve an amended complaint on Defendants which provides the factual clarity and specificity required by Twombly and Iqbal.  The amended complaint must set out sufficient facts for each of the elements of Plaintiff's claim.  If Plaintiff chooses not to do so, Plaintiff's claim against Defendants will be dismissed, and the matter will be closed.

An appropriate Order will be entered.

Date: December 15, 2020          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

7