**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DELLISA RICHARDSON, | Civil No. 19-08935 |
| Plaintiff, | **OPINION** |
| v. | |
| CASCADE SKATING RINK, et al., | |
| Defendants. | |

**APPEARANCE**:

DELLISA RICHARDSON
1510 CHESTNUT LANE
WESTVILLE, NJ 08093

*Plaintiff appearing pro se*

**HILLMAN**, District Judge

Presently before the Court are Plaintiff's Motions for Default Judgment against Defendants. (ECF Nos. 24-25.) For the reasons explained below, the Court will deny both motions and afford Plaintiff 90 days to effect proper service on both Defendants. If Plaintiff properly serves Defendants, files a proper proof of service, and Defendants still fail to answer, then Plaintiff may move for the Clerk of Court to enter default.

**Background**

The relevant factual and procedural history of this case is set forth in the Court's previous Opinion, Richardson v. Cascade Skating Rink, No. 19-08935, 2020 U.S. Dist. LEXIS 236296 (D.N.J.

1

Dec. 15, 2020) and need not be fully repeated here.  On January 4, 2021, Plaintiff filed her amended complaint against Defendants and on January 12, 2021, she filed a certificate of service that a copy of her "motion was served by certified mail" on Defendants.  (ECF Nos. 17-18.)  Plaintiff attached a certified mail receipt, which did not have the "return receipt" box checked.  (ECF No. 18.)

On March 1, 2021, Plaintiff requested the Clerk of Court to enter default against Defendants for failure to answer Plaintiff's amended complaint (ECF No. 23.)  On that same day, Plaintiff filed Motions for Default Judgment against Defendants. (ECF Nos. 24-25.)  On March 26, 2021, the Clerk's Office issued a quality control message which explained that "the Request for Default submitted by DELLISA RICHARDSON on 3/1/2021 cannot be granted as requested because there is no proof of proper service."  On March 30, 2021, Plaintiff filed a letter asking the Court to reconsider her request for default because she believes she "submitted the proper requirements for proof of service to the best of [her] ability."  (ECF No. 26.)

## DISCUSSION

Plaintiff's Motions for Default Judgment fail because "no default can be entered without a defendant first being served properly."  Daniek v. Duda, No. 15-6032, 2016 U.S. Dist. LEXIS

2

108848, *2 (D.N.J. Aug. 17, 2016)(citing Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985)). "[P]ro se litigants are not excused from complying with the Federal Rules of Civil Procedure governing service of process." Anderson v. Mercer County Sheriff's Dep't, No. 11-7620, 2014 U.S. Dist. LEXIS 71776, at *12 (D.N.J. May 27, 2014). "Service of process is governed by Federal Rule of Civil Procedure 4." Zurich Am. Ins. Co. v. Big Green Group, No. 19-111500, 2020 U.S. Dist. LEXIS 223742, at *4 (D.N.J. Nov. 30, 2020). Pursuant to Rule 4(h),

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Accordingly, "[c]orporations may be served in the same manner as individuals." Id. (citing Fed. R. Civ. P. 4(h)(1)(A)).

Pursuant to Rule 4(e),

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been

3

> filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Accordingly, service can be made pursuant to the New Jersey Rules of Court. Id. (citing Reddy v. MedQuist, Inc., No. 06-4410, 2009 U.S. Dist. LEXIS 68122 (D.N.J. Aug. 4, 2009)).

"While personal service is the 'primary method' of obtaining in personam jurisdiction in New Jersey, '*in personam* jurisdiction may be obtained by mail under the circumstances and in the manner provided by R. 4:4-3.'" Id. (quoting U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94 (N.J. App. Div. 2016)). Rule 4:4-3(a) provides that

> If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant, or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.

4

N.J. Ct. R. 4:4-3(a). Rule 4:4-7 requires that when attempting service by mail, "the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J. Ct. R. 4:4-7.

Here, Plaintiff's proof of service fails to comply with Federal Rule of Civil Procedure 4. First, New Jersey permits service by mail only after a good faith attempt to personally serve the defendant has been made and the plaintiff files an affidavit that demonstrates the good faith effort made by plaintiff. Here, Plaintiff has never submitted an affidavit detailing the good faith attempts made to effect personal service on Defendants.[1] Second, Plaintiff failed to check that "return receipt" was requested and submit a return receipt with the Court. For these reasons, the Clerk of Court was unable to enter default against Defendants.

"[I]t is well established that, in order to receive a judgment of default pursuant to Rule 55(b)(1) or 55(b)(2), a

---

[1] Federal Rule of Civil Procedure 4(c)(2) provides that a party to the proceedings may not personally effect service and thus "*pro se* litigants who personally serve a summons and complaint violate Rule 4(c)(2)." Ceus v. N.J. Lawyers Serv., LLC, No. 19-17073, 2020 U.S. Dist. LEXIS 153860, at *2 (D.N.J. Aug. 25, 2020) (quoting Urich v. J. Gordon & Co., Inc., No. 14-5490, 2015 U.S. Dist. LEXIS 20954 (D.N.J. Feb. 23, 2015)).

party must first obtain entry of a default from the Clerk of Court." Paris v. Pennsauken Sch. Dist., No. 12-7355, 2013 U.S. Dist. LEXIS 112280, at *19 (D.N.J. Aug. 9, 2013). "Indeed, 'entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of Court.'" Id. (quoting Stack Stackhouse v. Boyd, No. 07-5502, 2009 U.S. Dist. LEXIS 55420 (D.N.J. June 30, 2009)).

Here, Plaintiff has not received an entry of default by the Clerk of Court.  Given Plaintiff had not received an entry of default by the Clerk of Court against Defendants prior to filing her Motions for Default Judgment, the Court must deny such requests.[2]  The Court will grant Plaintiff an additional ninety days to properly serve Defendants in accordance with the Federal Rules of Civil Procedure.

### CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motions for Default Judgment.


Date: April 6, 2021                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[2] If Plaintiff properly serves Defendants in accordance with Federal Rule of Civil Procedure and Defendants fail to timely respond, then Plaintiff may move for the Clerk of Court to enter default.  After the Clerk of Court enters default, then Plaintiff would be permitted to file a Motion for Default Judgment against any Defendant who fails to timely respond.