[Doc. No. 75]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| DELLISA RICHARDSON,<br><br>               Plaintiff,<br><br>  v.<br><br>CASCADE SKATING RINK, et al.,<br><br>               Defendants. | Civil No. 19-08935 (NLH/MJS) |

### OPINION & ORDER

This matter having come before the Court by way of the "Motion to Amend Pleadings in Addition to Original Complaint" filed by pro se plaintiff Delissa Richardson ("plaintiff") [Doc. No. 75]. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be set forth, plaintiff's motion is **DENIED**.

The Court observes that L. Civ. R. 15.1, which governs motions to amend pleadings, requires that a motion to amend the complaint must be accompanied by "a copy of the proposed amended pleading" as well as a form of the amended pleading that "indicate[s] in what respect(s) it differs from the pleading which it proposes to amend." L. Civ. R. 15.1. Plaintiff has failed to heed this requirement. "The purpose of [the rule] is to give the Court and the parties a chance to evaluate the sufficiency of the proposed

amended pleading." Folkman v. Roster Fin. LLC, 2005 WL 2000169, at *8 n.7 (D.N.J. Aug. 16, 2005); see also P. Schoenfeld Asset Mgt. v. Cendant Corp., 142 F.Supp.2d 589, 622 (D.N.J. 2001). This deficiency, in itself, is sufficient grounds to deny the Motion. Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) (failure to provide proposed amended complaint sufficient grounds to deny leave to amend).[1]

Accordingly, for all the foregoing reasons,

**IT IS hereby ORDERED** this **27th** day of **September, 2021** that plaintiff's Motion to Appoint Pro Bono Counsel [Doc. No. 19] is **DENIED**. This Order is entered without prejudice to plaintiff's right to re-file the motion if warranted.

s/ Matthew J. Skahill<br>
MATTHEW J. SKAHILL<br>
United States Magistrate Judge

cc:   Noel L. Hillman
      United States District Judge

---

[1] See also Huzinec v. Six Flags Great Adventure, LLC, No. CV 16-2754, 2019 WL 4740124, at *4 (D.N.J. Sept. 27, 2019) (citing Obuskovic v. Wood, 2016 WL 6471023, at *1, n.2 (D.N.J. Oct. 31, 2016)); Simon v. FIA Card Servs. N.A., No. CIV.A. 12-518, 2015 WL 1969411, at *3 n.4 (D.N.J. Apr. 30, 2015), aff'd sub nom. Simon v. FIA Card Servs. NA, 639 F. App'x 885 (3d Cir. 2016)).