**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DELLISA RICHARDSON,

        Plaintiff,

v.

CASCADE SKATING RINK and LIVE LIFE HEADPHONES LLC,

        Defendants.

1:19-cv-08935-NLH-EAP

**OPINION AND ORDER**

**HILLMAN**, District Judge

    WHEREAS, on November 9, 2022, Defendants Live Life Headphones, LLC and Cascade Skating Rink ("Defendants"), moved to admit Stephen Reich, Esq. pro hac vice in a motion signed by existing counsel and Reich himself, (ECF 115)[1]; and

    WHEREAS, Plaintiff Dellisa Richardson ("Plaintiff") opposed Reich's admission, raising arguments including Reich's participation in the case by way of letters, emails, calls, and the like prior to the pro hac vice motion, (ECF 123); and

    WHEREAS, on December 15, 2022, Magistrate Judge Elizabeth A. Pascal permitted Reich to appear as counsel in this matter provided that all pleadings, briefs, and other papers were

---

[1] The November 9, 2022 motion was preceded by motions filed on October 31, 2022 and November 7, 2022, (ECF 111; ECF 114), that were flagged by the Clerk's Office due to signature issues.

signed by local counsel Jorge Salva, Esquire, (ECF 127); and

WHEREAS, in her order, Judge Pascal expressly acknowledged Plaintiff's "questioning Mr. Reich's qualifications in this jurisdiction, doubting the need for Mr. Reich as additional counsel, and arguing that Mr. Reich inappropriately represented Defendants prior to his application for pro hac admission," and stated that she considered Plaintiff's arguments in reaching her decision, (id.); and

WHEREAS, on December 29, 2022, Plaintiff filed the pending motion to strike all pleadings, filings, motion, and papers "since Stephen Reich Esq['s] . . . inception in this jurisdiction of New Jersey," (ECF 128); and

WHEREAS, Plaintiff's motion to strike was administratively terminated by Judge Pascal on January 20, 2023, to be reinstated, if necessary, following a settlement conference, (ECF 133); and

WHEREAS, the motion to strike was re-gaveled by Judge Pascal following unsuccessful settlement discussions; and

WHEREAS, the Court held a motion hearing on December 5, 2023, during which it heard oral argument on this and other motions, (ECF 181); and

WHEREAS, the Court agrees with Plaintiff to the extent that she argues that Reich should have applied for admission earlier and further notes that it was inappropriate for Reich to sign

2

his own pro hac vice motion, see Allyn Z. Lite, N.J. Fed. Prac. Rules, L. Civ. R. 101.1, cmt. 4(b) (Gann 2023) ("[S]ince only attorneys admitted to practice before the Court may sign and file pleadings and other papers, an applicant for pro hac vice admission may not sign and file her own motion for admission." (collecting cases)); and

WHEREAS, Judge Pascal expressly considered Plaintiff's arguments in opposition to Reich's admission – which are largely repeated in the pending motion – and the Court finds no basis for questioning Judge Pascal's discretion or disturbing her decision, see Kohlmayer v. National R.R. Passenger Corp., 124 F. Supp. 2d 877, 878 n.1 (D.N.J. Dec. 20, 2000) (declining to reverse the magistrate judge's order denying a pro hac vice admission absent a finding that the order was "clearly erroneous or contrary to law" (citing Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636)); see also Opalinksi v. Robert Half Int'l Inc., No. 10-2069, 2011 WL 1042762, at *2-3 (D.N.J. Mar. 18, 2011) (analyzing an appeal of the magistrate judge's order granting pro hac vice admission under the standard set forth under Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c))[2]; and

WHEREAS, striking pleadings is a particularly harsh

---

[2] Though the Court references decisions that cite Federal Rule of Civil Procedure 72, Local Civil Rule 72.1, and 28 U.S.C. § 636, it does not interpret Plaintiff's pending motion as an appeal of Judge Pascal's order admitting Reich.

3

sanction inconsistent with the Court's preference of adjudicating matters on their merits and unwarranted under the facts underlying this motion, see Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 712-13 (D.N.J. Dec. 11, 2015) (concluding that sanctions were appropriate pursuant to Federal Rules of Civil Procedure 26(g) and 37(b)(2), but declining the plaintiffs' request to strike the defendant's answer as "too severe"); and

WHEREAS, the Court further finds that any impropriety caused by Reich's involvement in this matter prior to admission has been adequately cured by Judge Pascal's order admitting him, see Ghaleb v. U.S. Ship Mgmt., No. Civ.A. 04-84, 2005 WL 1225177, at *4 (D.N.J. May 6, 2005) (report and recommendation) (granting a belated pro hac vice admission nunc pro tunc and finding that the admission "effectively moot[ed] the first aspect of defendant's dismissal motion" premised on counsel not being admitted to the court prior to the filing of the complaint, noting the Third Circuit's preference to have matters decided on the merits).

**THEREFORE,**

IT IS HEREBY on this  19th   day of  December , 2023

**ORDERED** that Plaintiff's motion to strike, (ECF 128), be, and the same hereby is, **DENIED AS MOOT.**

                                              s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

4