```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DELLISA RICHARDSON, | 1:19-cv-08935-NLH-EAP |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CASCADE SKATING RINK and LIVE LIFE HEADPHONES LLC, | |
| Defendants. | |

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Dellisa Richardson ("Plaintiff") filed a motion for judgment on the pleadings on April 24, 2023 that referred to, but did not include, a supporting brief, (ECF 144); and

    WHEREAS, on May 1, 2023, Magistrate Judge Elizabeth A. Pascal appointed Jay DiMarino, Esquire as pro bono counsel for Plaintiff for the limited purpose of consulting with and representing Plaintiff in settlement negotiations, (ECF 148), and Plaintiff thereafter moved to stay consideration of her motion for judgment on the pleadings pending settlement negotiations, (ECF 152); and

    WHEREAS, the Court granted Plaintiff's motion and provided an extendable ninety-day stay of consideration of the motion for judgment on the pleadings, (ECF 159); and

WHEREAS, Plaintiff moved for sanctions on September 12, 2023, (ECF 167), and thereafter moved to further stay the motion for judgment on the pleadings pending disposition of the sanctions motion, (ECF 169); and

WHEREAS, in a letter filed on October 13, 2023, Plaintiff sought to withdraw her motion for judgment on the pleadings and "convert it to [a] Rule 56 motion for summary judgment," (ECF 174); and

WHEREAS, the Court agrees with Plaintiff that this matter is ripe for summary-judgment motion practice as opposed to her earlier-filed motion for judgment on the pleadings, see, e.g., Guerriero v. Sanford L.P., No. 12-5246, 2016 WL 4157310, at *2 (D.N.J. Aug. 2, 2016) ("It is a summary judgment motion, not a Rule 12(c) motion, that ordinarily should be brought at the close of discovery."); and

WHEREAS, the Court held a hearing on the pending motions on December 5, 2023, (ECF 181), during which it provided the parties with an opportunity to supplement the record as to Plaintiff's motion for sanctions and the Court intends to withhold ruling on that motion until such filings are made; and

WHEREAS, during the December 5, 2023 hearing, the Court further set forth schedules within which the parties may file motions for summary judgment; and

WHEREAS, the Court interprets Plaintiff's October 13, 2023

2

letter, (ECF 174), as a formal withdrawal of her motion for judgment on the pleadings and her statements during the December 5, 2023 hearing as expressing her intent to file a motion for summary judgment within the time provided; and

WHEREAS, in light of Plaintiff's withdrawal of the underling motion for judgment on the pleadings, the Court finds the motion to stay to be moot.

**THEREFORE,**

IT IS HEREBY on this   19th    day of    December   , 2023

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (ECF 144), shall be marked **WITHDRAWN** in accordance with her October 13, 2023 letter, (ECF 174), and the Clerk shall un-gavel the motion, and it is further

**ORDERED** that in light of Plaintiff's withdrawal of her motion for judgment on the pleadings, Plaintiff's motion to stay consideration of that motion, (ECF 169), be, and the same hereby is, **DENIED AS MOOT.**

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.