**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DELLISA RICHARDSON,**<br><br>    Plaintiff,<br><br>v.<br><br>**CASCADE SKATING RINK and LIVE LIFE HEADPHONES LLC**<br><br>    Defendant. | Case No. 19–08935-ESK-EAP<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on *pro se* plaintiff Dellisa Richardson's motion for sanctions (Motion) against defendants Cascade Skating Rink (Cascade) and Live Life Headphones, LLC (Live Life). (ECF No. 167.) United States District Judge Noel L. Hillman[1] held a motion hearing for this and other then-pending motions on December 5, 2023. (ECF No. 181.) Defendants thereafter supplemented the record with additional declarations in opposition. (ECF No. 182.) For the reasons that follow, plaintiff's Motion is DENIED.

**I.    FACTS AND PROCEDURAL HISTORY**

    The underlying facts of this case are well known to the parties and are recited here only to the extent necessary to rule on the Motion. Plaintiff instituted this action on March 25, 2019, alleging trademark infringement. (ECF No. 1.) As amended,[2] plaintiff alleges that defendants infringed on her

---

    [1] Judge Hillman retired from the bench effective March 1, 2024. This case was thereafter reassigned to the undersigned.

    [2] On September 27, 2021, Magistrate Judge Matthew J. Skahill denied plaintiff's motion to amend for failure to include a copy of the proposed amended complaint and a form of the amended complaint indicating how it differed from the previous complaint, as required by Local Civil Rule 15.1. (ECF Nos. 76, 84.) On June 13, 2023, plaintiff filed a second amended complaint (ECF No. 158) and included summons

"Silent Skate" trademark on various dates between November 2018 and December 2020. (ECF No. 17.) Plaintiff claims that the infringement has deprived her of business opportunities and damaged her reputation and goodwill. (*Id.* pp. 4, 5.)

Judge Hillman granted plaintiff's motion for a preliminary injunction in a March 20, 2022 opinion and order. (ECF Nos. 98, 99.) The injunction enjoins defendants from infringing on plaintiff's "Silent Skate" trademark and "[f]rom holding, organizing, conducting, promoting, advertising, marketing, offering for sale, selling, distributing, and/or engaging in any events or activities substantially similar to or derivative of Plaintiff's Silent Skate trademark." (ECF No. 99 p. 2.) Defendants are expressly "prohibited from using the phrase 'Silent Skate,' Silent Sk8, or any confusing similar trademark for purposes of promoting, advertising, facilitating, or otherwise conducting roller skating events in which skaters wear headphones while skating." (*Id.*) Judge Hillman thereafter denied defendants' motion for judgment on the pleadings,

---

requests dated April 9, 2021, (ECF Nos. 158–1, 158–2.) The second amended complaint itself is dated April 9, 2021 and differs from the first amended complaint in, among other respects, requested monetary relief. (ECF No. 17 p. 6, ECF No. 158 p. 6.) The second amended complaint was thereafter attached to an April 12, 2021 docket entry requesting summons to be issued. Pursuant to the Federal Rules of Civil Procedure, plaintiff was permitted to amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Furthermore, the Local Civil Rules require, with limited exception, that requests for leave to amend a pleading be made by motion and include "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a). Plaintiff's second amended complaint was not accompanied by a motion, let alone a form of the complaint indicating in what ways it differs from the operative amended complaint. It also does not indicate that defendants consented to its filing. The Court therefore refers to the first amended complaint (ECF No. 17) as the operative pleading and will provide plaintiff 14 days from the date of this opinion and accompanying order to show cause why the second amended complaint (ECF No. 158) should not be stricken from the docket. *See Robinson v. Section 23 Prop. Owner's Ass'n, Inc.*, Case No. 18–09658, 2018 WL 11208895, at *2 (D.N.J. Oct. 24, 2018) (striking the plaintiff's amended complaint for failure to comply with Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1).

relying—in part—on the reasoning in the preliminary-injunction opinion. (ECF Nos. 103, 104.)

The case proceeded on in discovery. Relevant to the Motion, defendants moved to admit Stephen Reich as *pro hac vice* counsel (ECF No. 115) which plaintiff opposed (ECF No. 123). Magistrate Judge Elizabeth A. Pascal granted Reich admission in a December 15, 2022 order. (ECF No. 127.) In the months that followed, plaintiff filed a motion to strike all pleadings filed since Reich's participation in the case (ECF No. 128), a motion for judgment on the pleadings (ECF No. 144), a motion to stay (ECF No. 152), and the instant Motion for sanctions (ECF No. 167).

Judge Hillman held a hearing on the pending motions on December 5, 2023 (ECF Nos. 179, 181) and thereafter deemed plaintiff's motion for judgment on the pleadings withdrawn and denied her motion to strike and motion to stay (ECF Nos. 185, 186). The pending Motion was held in abeyance pending supplemental submissions. (ECF No. 198 51:14–52:6.) On December 12, 2023, defendants submitted supplemental declarations from Live Life CEO Jesse Robinson and Cascade independent contractor Nyasha Bangaroo concerning the social-media posts referenced in the Motion. (ECF Nos. 182, 182–2.)[3]

## II. MOTIONS FOR SANCTIONS

Under the Federal Rules of Civil Procedure, an attorney or unrepresented party certifies—by presenting a pleading, written motion, or other paper—that said pleading, motion, or paper is not being presented for an improper purpose;

---

[3] Bangaroo's declaration was accompanied by an exhibit depicting search results for Cascade's Facebook page between January 1, 2022 and September 20, 2023. (ECF No. 182–1.) The search depicted reads "slient skate party." (*Id.*) Therefore, to the extent that a search for "silent skate party" could have evidenced compliance with the preliminary injunction—which alone would have been a narrow read of Judge Hillman's order—the misspelling removes any supporting value to Bangaroo's declaration.

3

the claims, defenses, and contentions are warranted by existing law or nonfrivolous arguments to extend, modify, or reverse law or establish new law; the factual contentions have or are likely to have evidentiary support; and denials of factual contentions are warranted or reasonably based on a belief of lack of information. Fed. R. Civ. P. 11(b). Courts may impose sanctions upon a determination that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1); *Scott v. Vantage Corp.*, 64 F.4th 462, 467 (3d Cir. 2023). "Sanctions are to be applied only 'in the "exceptional circumstance" where a claim or motion is patently unmeritorious or frivolous.'" *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

Separately, Federal Rule of Civil Procedure 37 sets forth a variety of potential sanctions for violation of discovery orders, including prohibiting the offending party from supporting or opposing certain claims or defenses, striking pleadings, and dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A); *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 577 (3d Cir. 2018). Sanctions may also be imposed when a party fails to provide or supplement information as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1); *Bush v. Dep't of Hum. Servs.*, 714 F. App'x 180, 183 (3d Cir. 2017). Courts exercise considerable discretion in imposing sanctions under both Rule 11 and Rule 37. *See GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019) (noting that sanctions under Rule 37 are reviewed for abuse of discretion); *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 389, 390 (3d Cir. 2016) ("We review a district court's order on a Rule 11 motion for abuse of discretion.").

Finally, to establish that a party is liable for civil contempt, the movant must prove by clear and convincing evidence "(1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the

defendant disobeyed the order." *ADP, LLC v. Lynch*, Case Nos. 16–01053 & 16–01111, 2018 WL 1806052, at *2 (D.N.J. Apr. 17, 2018) (quoting *Berne Corp. v. Gov't of The Virgin Is.*, 570 F.3d 130, 139 (3d Cir. 2009)). Sanctions for civil contempt are to serve two purposes, "coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience." *Id.* (quoting *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994)).

### III. ANALYSIS

The Motion is expansive, seeking sanctions against defendants and counsel for a host of injunction, discovery, and representation issues. Plaintiff alleges that defendants and affiliated individuals have violated the preliminary injunction instituted by Judge Hillman by way of social-media posts and advertisements depicting silent roller skating events and seeks future litigation fees and costs, seizure of defendants' property, and for the Clerk "to give notice to the Director of the U.S. Patent and Trademark Office" including providing the names and addresses of all litigants and all decisions made in this case. (ECF No. 167 pp. 3–6.) Plaintiff further claims, albeit by citing to the Rules of Professional Conduct as opposed to the Federal Rules of Civil Procedure, that defendants have obstructed her access to financial records. (*Id.* pp. 11, 12.) Defendants have also allegedly failed to provide her with initial disclosures including full names and contact information for Robinson, Cascade CEO Gregory Alexander, and Live Life representative Juan Moore. (*Id.* pp. 14–16.) Finally, similar to prior motions, plaintiff challenges the participation of Reich, claiming that his representation constitutes an "unauthorized practice of law" and that he has not paid the case sufficient attention. (*Id.* pp. 6–11, 16–18.)

Defendants respond that they have complied with the preliminary injunction, the majority of plaintiff's supporting exhibits either predate the injunction or are irrelevant, and—to the extent that there were violations—they were unintentional and *de minimis* and have been mooted by subsequent

5

removal. (ECF No. 172 pp. 6–10.) Rule 11 is either inapplicable or plaintiff's allegations—focused on the participation of Reich—do not rise to the level of sanctionable conduct, according to defendants, and to the extent that Rule 37 is applicable, defendants have already produced a document at issue. (*Id.* pp. 3–6.)

### A. Reich's Participation and Discovery

Plaintiff has made substantially similar arguments regarding the participation of Reich for more than a year. These arguments have been rejected by both Judge Hillman and Judge Pascal and will be rejected here.

Plaintiff opposed Reich's *pro hac vice* admission for substantially the same reasons as stated in the Motion—he was not admitted to practice in New Jersey and participated in this case prior to his application for admission. (ECF No. 123.) Judge Pascal expressly recognized these arguments before ultimately granting the motion to admit Reich. (ECF No. 127.) Judge Hillman acknowledged in his motion-to-strike opinion that defendants ought to have moved to admit Reich earlier and that it was inappropriate for Reich to have signed his own *pro hac vice* motion. (ECF No. 185 pp. 2–3.) Judge Hillman concluded, however, "that any impropriety caused by Reich's involvement in this matter prior to admission has been adequately cured by Judge Pascal's order admitting him." (*Id.* p. 4.)

The same result is warranted here. Plaintiff premises these portions of the Motion on Reich's "unauthorized practice of law," co-counsel's facilitation of this alleged unauthorized practice, and Reich's contact with her and participation in this case. (ECF No. 167 pp. 6–11.) These challenges have been adequately addressed by Judge Pascal's admission order, which preceded the Motion. *See Hobbs v. US Coastal Ins. Co.*, Case No. 17–03673, 2017 WL 4922007, at *2 (D.N.J. Oct. 31, 2017) (denying the plaintiffs' motions to strike

and for entry of default judgment upon a finding that the defective motion to dismiss, signed by an unadmitted attorney, was promptly cured by a refiling).

Plaintiff's discovery concerns similarly appear to have already been addressed, at least in part. The Motion references Eventbrite ticket-sale information (ECF No. 167 p. 11) which Judge Pascal ordered defendants to produce (ECF No. 166) and defendants assert has since been provided to plaintiff (ECF No. 172 p. 5). Plaintiff also alleges that defendants have failed to complete initial disclosures (ECF No. 167 p. 14), which is based on the varied contact information provided for Robinson, Moore, and Alexander and related discrepancies when compared to her independent research (*id.* pp. 14–16, ECF No. 167–2 pp. 38–41).

Federal Rule of Civil Procedure 26 requires initial disclosures including "the name and, if known, the address and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," Fed. R. Civ. P. 26(a)(1)(A)(i), which must be supplemented or corrected when such disclosures are incomplete or incorrect and additional or corrected information has not otherwise been made known, Fed. R. Civ. P. 26(e)(1). "A party's duty to supplement initial disclosures continues to be in effect beyond the close of discovery." *Reinig v. RBS Citizens, N.A.*, Case No. 15–01541, 2021 WL 5770202, at *2 (W.D. Pa. Dec. 3, 2021). Defendants are reminded of their continuing obligation to supplement their initial disclosures if the information already provided is incomplete or inaccurate, which will not be presumed here. If plaintiff seeks additional or different information, fact discovery has closed and her recourse is to move before Judge Pascal to reopen discovery.

### B. Civil Contempt

The remainder of the Motion concerns social-media posts and advertisements that allegedly violate the preliminary injunction. Plaintiff

supports the Motion with several exhibits, including an image advertising a "Silent Headphone + Roller Skating Party" held on April 19, 2023; images of a video in which Robinson allegedly described events including roller skating while skaters wear headphones; and images from a video posted on Live Life's Instagram in which customers are depicted roller skating while wearing headphones. (ECF No. 167–2 pp. 1–8.) Plaintiff also includes screenshots from social-media posts, apparently made by Cascade, including those advertising "SILENT SKATE PART[ies]" on February 9, 2023 and March 25, 2022. (*Id.* pp. 9–15.)

Defendants' opposition does not question the validity of the preliminary injunction or their knowledge of it. Rather, the civil-contempt analysis turns on the third factor—alleged disobedience—and defendants' contention that they have complied with the preliminary injunction. (ECF No. 172 pp. 6, 7.)

With respect to the advertisement and videos attributed to Live Life, the video files themselves are not before the Court[4] and the images filed with the Motion include a promotion for a "Silent Headphone + Roller Skating Party" posted by the University of Arkansas at Pine Bluff Union Programming Board and several screenshots of individuals skating while wearing headphones. (ECF No. 167–2 pp. 1–8.) Only one of the videos, depicting students engaging in various activities including roller skating while wearing headphones, was discussed during the motion hearing. (ECF No. 198 14:1–8.)

Participation in an event featuring roller skating and headphones expressly does not violate the preliminary injunction put in place by Judge Hillman. (ECF No. 98 p. 19 ("Nothing in this opinion precludes Defendants from promoting and hosting entertainment events in which participants roller

---

[4] Plaintiff stated during the December 5, 2023 motion hearing that she was instructed by an unidentified individual to mail a USB device containing the video files to Trenton. (ECF No. 198 13:12–14.) These files have not been presented to the Court.

8

skate and listen to music through headphones. What Defendants may not do is use Plaintiff's federally protected mark, or something confusingly similar, in doing so.")). Judge Hillman confirmed such during the motion hearing. (ECF No. 198 23:24–24:3.) Moore has provided a declaration that Live Life has not hosted or caused a third party to host an event combining roller skating and three-channel headphones since the date of the preliminary injunction. (ECF No. 172–2 ¶¶ 9, 10.)

Further, the "Silent Headphone + Roller Skating Party" Instagram post was made by the Union Programming Board as opposed to defendants and is not confusingly similar to plaintiff's "Silent Skate" mark. (ECF No. 99 p. 2 ("Defendants are prohibited from using the phrase 'Silent Skate,' Silent Sk8, or any confusing similar trademark for purposes of promoting, advertising, facilitating, or otherwise conducting roller skating events in which skaters wear headphones while skating.")). The record therefore does not support plaintiff's assertion that Live Life has violated the preliminary injunction. *See Above and Beyond Bus. Tools and Servs. for Entrepreneurs, Inc. v. Wilson*, Case No. 21–07339, 2022 WL 17730929, at *3 (D.N.J. Mar. 30, 2022) (concluding that evidence that the defendant contracted with restricted customers was insufficient to support a finding that the preliminary injunction—which prohibited soliciting, enticing, or inducing restricted customers—was violated).

This leaves Cascade's social-media posts. Alexander, as part of defendants' initial opposition, attested in a signed declaration that Cascade has not held or promoted an event in which roller skaters wore three-channel wireless headphones since 2019, Cascade's social-media advertising has been handled by independent contractors—including Bangaroo—during all relevant times, and he instructed Bangaroo to remove the relevant posts following notice by plaintiff. (ECF No. 172–5 ¶¶ 5, 6, 8, 9.) Bangaroo's accompanying declaration stated that Cascade originally posted Exhibits D-1 and D-2—which

9

used the term "SILENT SKATE PARTY"—in 2019, the post-injunction posts were not made by Cascade as evidenced by the omission of the Cascade logo and—instead—were likely shared or reposted by a third party on Cascade's public page, Exhibits D-3 through D-6 were general advertisements depicting an event held in 2019 without mention of the word "silent," and in an abundance of caution posts were removed and an inventory of Cascade's digital-media advertising did not find any additional potentially violative posts. (ECF No. 172–6 ¶¶ 4–9.)

Judge Hillman was unconvinced at the motion hearing that the record supported a finding that Cascade promoted events that were not held but provided the parties with an opportunity to supplement the record. (ECF No. 198 51:14–52:6.) Defendants thereafter filed supplemental declarations. Bangaroo's supplemental declaration reiterates that Exhibits D-1 and D-2 were originally posted in 2019, they were reposted by a third party on February 9, 2023 and March 25, 2022, and Cascade did not make or authorize the reposts. (ECF No. 182 ¶¶ 5, 10.) Bangaroo further asserts that Exhibits D-1 and D-2 likely appeared on a separate page rather than Cascade's managed Facebook page as evidenced by the missing Cascade logo and her inability to find them while searching Cascade's Facebook account to remove posts. (*Id.* ¶¶ 8, 9.) Cascade now requires all promotional posts to be reviewed by Bangaroo and is investigating whether third-party users can be blocked from posting "Silent Skate" and similar phrases on Cascade's social-media pages. (*Id.* ¶¶ 11, 12.)

I conclude that Exhibits D-3 through D-6, which are screenshots of social-media posts depicting individuals skating while wearing headphones without any reference to "Silent Skate" or a confusingly similar phrase, are not violative of the preliminary injunction for the same reasons as the Live Life exhibits discussed above. With respect to Exhibits D-1 and D-2, I credit defendants' declarations that the post-injunction posts were not made by Cascade and did

10

not relate to any post-injunction event and that adequate steps have been taken to remove and prevent any potentially infringing posts and advertisements. Because plaintiff has not established defendants' violation of the preliminary injunction by clear and convincing evidence, sanctions will not be imposed. *See Fox v. Arbah Hotel Corp.*, Case No. 21–05479, 2022 WL 2384005, at *1 (D.N.J. June 30, 2022) ("[A]mbiguities must be resolved in favor of the party charged with contempt." (alteration in original) (quoting *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003))).

### C.    Sanctions Against Plaintiff

Finally, defendants advocate for plaintiff to be sanctioned due to her repeated arguments concerning the same issues, her litigation over every issue no matter how small, and the costs defendants have incurred due to plaintiff's actions. (ECF No. 172 p. 11.) Plaintiff responds that she is self-taught in the law, she repeatedly asked Reich to apply for admission in an effort to avoid delays in the case, she has reason to believe that defendants have violated the preliminary injunction, and defendants' accusation that Judge Pascal instructed her not to file a motion for sanctions is false. (ECF No. 173 pp. 1–3.)[5]

---

[5] Defendants filed a letter on the docket seeking to have plaintiff's opposition disregarded for failure to comply with Local Civil Rule 7.1(d)(3) as it was filed six days prior to the motion date as opposed to seven and for exceeding the scope of defendants' opposition. (ECF No. 175.) Alternatively, defendants sought leave to file a sur-reply (*id.*), which Judge Hillman did not grant. Plaintiff responded that she was permitted to file her reply within seven days after defendants' opposition per a status conference held before Judge Pascal on September 6, 2023, and thus her reply was timely. (ECF No. 178.) The minutes from the hearing and subsequent amended scheduling order do not reflect such permission. Nonetheless, in light of this ambiguity and the fact that defendants' operative opposition was not filed until twelve days prior to the motion date due to signature issues with initial filings, I will consider all briefs in the interest of resolving the Motion on the merits. *See Elissa H. v. Kijakazi*, Case No. 22–03003, 2022 WL 4626980, at *1 n.3 (D.N.J. Sept. 28, 2022) (accepting the plaintiff's untimely opposition in the interest of considering the pending motion to dismiss on the merits).

11

I decline to sanction plaintiff. "A motion for sanctions must be made separately from any other motion … ." Fed. R. Civ. P. 11(c)(2). Defendants' request, made as part of their opposition, is therefore procedurally improper. *See Patel v. Cole Schotz, P.C.*, Case No. 17–04868, 2018 WL 585764, at *1 n.1 (D.N.J. Jan. 29, 2018) (declining to consider a sanctions request made by the plaintiffs in their opposition papers (citing Fed. R. Civ. P. 11(c)(2))).

A court may *sua sponte* order a party to show cause why its conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3). I will not do so here. Though *pro se* parties are not immune to Rule 11 sanctions, they "are given greater leeway in following the technical rules of pleading and procedure." *See Skoorka v. Kean Univ.*, Case No. 16–03842, 2017 WL 6539449, at *3 (D.N.J. Dec. 21, 2017) (citing *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125 (3d Cir. 2012)).

Here, while I will ultimately deny the Motion, I do not find plaintiff's belief that defendants violated the preliminary injunction—particularly with respect to Exhibits D-1 and D-2—so unreasonable and unfounded as to warrant an order to show cause. Similarly, though I am unpersuaded by plaintiff's arguments regarding Reich's participation for the same reasons as articulated by Judge Hillman, I note that Judge Hillman's motion-to-strike opinion agreed with plaintiff's contention that Reich should have applied for admission earlier and should not have signed his own *pro hac vice* motion. (ECF No. 185 pp.2, 3.) I will therefore remind plaintiff that repeated unsuccessful arguments may be met with consideration of a properly filed motion for sanctions in the future but will otherwise decline to grant defendants' request or enter a *sua sponte* order to show case. *See Gage v. N.J. Dep't of Env't Prot.*, Case No. 21–10763, 2022 WL 4540834, at *1 n.1 (D.N.J. Sept. 28, 2022) (declining to impose sanctions but reminding the *pro se* plaintiff that frivolous filings may be met with *sua sponte* sanctions).

## IV. CONCLUSION

For the reasons set forth above, plaintiff's Motion (ECF No. 167) is DENIED. Plaintiff will be provided 14 days to show cause why the second amended complaint (ECF No. 158) should not be stricken from the docket, leaving the first amended complaint (ECF No. 17) as the operative pleading.

                                                                                                */s/ Edward S. Kiel*
                                                                                                **EDWARD S. KIEL**
                                                                                                **UNITED STATES DISTRICT JUDGE**

Dated: April 25, 2024