**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

**DELLISA RICHARDSON,**

    **Plaintiff,**

    **v.**

**CASCADE SKATING RINK and
LIVE LIFE HEADPHONES LLC,**

    **Defendants.**

</td>
<td>

**Case No. 19–cv–08935–ESK–EAP**

**OPINION AND ORDER**

</td>
</tr>
</table>

**THIS MATTER** having come before the Court on plaintiff Dellisa Richardson's motion for relief from the Court's August 16, 2024 entry of summary judgment (ECF No. 215 (Rule 60(b) Mot.))[1]; and the Court finding:

1.    Richardson initiated this action on March 25, 2019.  (ECF No. 1.)  As amended, she alleged infringement of her trademark, SILENT SKATE.  (ECF No. 17 pp. 2, 4.)  Richardson later moved for default judgment (ECF No. 13; ECF No. 24; ECF No. 25) and was denied in a pair of decisions by Judge Noel L. Hillman (Ret.) (ECF No. 15; ECF No. 16; ECF No. 28; ECF No. 29).

2.    Richardson next sought a preliminary injunction.  (ECF No. 56.)  In a March 20, 2022 opinion, Judge Hillman concluded that Richardson "sufficiently contend[ed that d]efendants' advertisements use[d her] exact trademark, which [wa]s likely to cause consumer confusion" and she was thus likely to succeed on the merits of her claim.  (ECF No. 98 (Mar. 20, 2022 Op.) pp. 4–9.)  After finding the remaining preliminary injunction factors satisfied (*id.* pp. 9–18), Judge Hillman entered a corresponding order enjoining defendants from infringing on Richardson's mark or holding or promoting events or activities substantially similar to or derivative of her mark.  (ECF No. 99 p. 2.)  Defendants were specifically prohibited from using "Silent Skate," "Silent Sk8," or any other confusingly similar mark.  (*Id.*)  Defendants'

---

[1] As Richardson notes (ECF No. 218), the motion is unopposed.  Failure to oppose a Rule 60(b) motion does not necessarily entitle the movant to the requested relief.  *See Harris v. Nogan*, Case No. 17–00259, 2019 WL 1435925, at *3 n. 2 (D.N.J. Apr. 1, 2019).  The Court will evaluate the pending motion under applicable procedural rules and the merits.

motion for judgment on the pleadings was later denied.   (ECF No. 103; ECF No. 104.)

3.   Discovery followed, resulting in the parties' competing motions for summary judgment.   (ECF No. 183; ECF No. 191.)   The case was reassigned to me following Judge Hillman's retirement.   (ECF No. 197.)

4.   In an August 16, 2024 opinion and order, the Court denied Richardson's motion and granted defendants' cross-motion. (ECF No. 209 (Aug. 16, 2024 Op.); ECF No. 210.)   Relevant here, the Court noted that registration on the Supplemental Register—as SILENT SKATE—is not accompanied by traditional protections absent proof of a secondary meaning. (Aug. 16, 2024 Op. pp. 8–10.)   After a review of the record, it found that no reasonable jury could have concluded that the mark was anything more than descriptive without a secondary meaning, and thus Richardson could not establish that her mark was protectable. (*Id.* p. 18.)   The Court denied defendants' request to cancel the mark and for fees and costs.   (*Id.* pp. 18–20.)

5.   The instant motion followed 13 months later.   (Rule 60(b) Mot.) The bulk of Richardson's supporting brief[2] is dedicated to arguments asserting that the summary judgment decision was inconsistent with Federal Rule of Civil Procedure (Rule) 56, trademark law, and Judge Hillman's preliminary injunction decision. (ECF No. 217–1 (Richardson Mot. Br.) pp. 10–18.) Elsewhere, Richardson challenges the default judgment motion practice and cites to newly discovered evidence pertaining to the validity of her mark and the preliminary injunction, absence of harm to defendants, the ineligibility of defense counsel, and docketing issues she experienced.   (*Id.* pp. 9, 10, 19, 20.)

6.   Pursuant to Rule 60(b), a party may seek relief from final judgment due to mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; an opponent's fraud, misrepresentation, or misconduct; the judgment being void; or any other reason justifying relief.   Fed. R. Civ. P. 60(b)(1), (2), (3), (4), (6).   For the reasons that follow, these rules do not provide Richardson with an avenue to relief.

7.   Insofar as Richardson relies on Rules 60(b)(1), 60(b)(2), or 60(b)(3),[3] summary denial is appropriate.   A motion under these three rules "must be

---

[2] After filing her motion, Richardson submitted a letter to the Court stating that her original brief was "incomplete, disordered, and illegible."   (ECF No. 217.)   The Court refers to the substitute brief included with Richardson's letter.

[3] Plaintiff refers to Rules 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), and 60(b)(6) in the introduction of her brief and provides a rule statement for each.   (Richardson Mot. Br.

made … no more than a year after the entry of the judgment or order ….." Fed. R. Civ. P. 60(c)(1); *Montalban v. Powell*, 830 F. App'x 69, 71 n. 2 (3d Cir. 2020). Richardson's filing of her motion over 13 months after the summary judgment decision[4] is therefore dispositive.

8.      Denial is also appropriate to the extent that Richardson cites Rule 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Though Richardson references Rule 60(b)(4) while arguing that the summary judgment decision deprived her of the opportunity to present her case at trial (Richardson Mot. Br. pp. 11–13), the Court does not read her motion brief as asserting that the Court lacked jurisdiction, *see Reardon v. Leason*, 408 F. App'x 551, 553 (3d Cir. 2010) ("Rule 60(b)(4) provides for relief from judgment only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties."). Nor does the Court's entry of summary judgment following motion practice in which Richardson participated constitute a deprivation of due process. *See Lustig v. Daniel Markus, Inc.*, Case Nos. 20–00379 & 22–00161, 2026 WL 146489, at *5 (D.N.J. Jan. 20, 2026) (finding that summary judgment did not violate the defendant's due process rights necessitating vacatur when he was given adequate notice of the motion, received multiple opportunities to oppose the motion, and exhibited an understanding of the proceedings).

9.      Finally, the Court addresses the motion pursuant to Rule 60(b)(6). Rule 60(b)(6) encompasses "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief pursuant to Rule 60(b)(6) is warranted "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Richardson's motion contains multiple flaws precluding her from relief pursuant to Rule 60(b)(6).

---

pp. 2, 7–9.) The substantive arguments only refer to Rules 60(b)(1), 60(b)(2), and 60(b)(4). For completeness—and in recognition of Richardson's *pro se* status—the Court will interpret her arguments as relying on all five rules.

[4] At least some of the relief Richardson seeks predates the summary judgment decision. For instance, pursuant to Rule 60(b)(1), she seeks "to enforce the default and proceed under Rule 55(b) to judgment and damages." (Richardson Mot. Br. p. 10.) The underlying default decisions took place in 2020 and 2021, well beyond the one-year period for motions filed pursuant to Rule 60(b)(1).

3

10.    First, though motions pursuant to Rule 60(b)(6) are not subject to a strict, one-year time limit, they still must be filed "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1).   "[T]he general one-year limit remains a rule of thumb."   *Tokley v. Ricci*, Case No. 09–04546, 2018 WL 429154, at *3 n.4 (D.N.J. Jan. 12, 2018).   "[M]otions that seek relief under Rule 60(b)(6) are generally time barred after one year unless extraordinary circumstances delayed the filing."   *Johnson v. N.J. State Bd. of Cosmetology and Hairstyling*, Case No. 21–10429, 2023 WL 358537, at *2 (D.N.J. Jan. 23, 2023).   Richardson provides no extraordinary circumstance why she could not have brought her motion within one year.   *See Azubuko v. Bunker Hill Cmty. Coll.*, 442 F. App'x 643, 644–45 (3d Cir. 2011) (agreeing with the district court's conclusion that, because the appellant did not explain his delay in filing, the motion was untimely pursuant to Rule 60(b)(6)).   The Court itself cannot identify any such reason, particularly when much of her challenge contends that the summary judgment decision misapplied procedural rules and trademark law—alleged deficiencies that were present the moment the opinion and order were filed. The motion is therefore untimely.

11.    Second, Rule 60(b)(6) is an inapt vehicle for the relief sought. Richardson essentially argues that the Court erred in its decision.   Alleged errors by a court fall within Rule 60(b)(1).   *Story v. Braxton*, Case No. 11–05340, 2014 WL 644695, at *3 (D.N.J. Feb. 19, 2014).   Rule 60(b)(6) cannot be used to preserve an otherwise untimely Rule 60(b)(1) motion.   *See Kemp v. United States*, 596 U.S. 528, 533 (2022) (noting that Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable).

12.    Finally, even if the Court were to ignore these dispositive procedural flaws—and it does not—the motion would nevertheless fail on the merits. Without belaboring the point, and as explained more comprehensively in the challenged summary judgment decision, the motion brief demonstrates several critical misunderstandings.[5]   While Richardson asserts that registration on the Principal Register entitles a mark to a presumption of validity (Richardson

---

[5] The Court will not address each such misunderstanding one by one.   It recognizes, though, that Richardson interprets language at the beginning of the summary judgment opinion stating that the Court "will" grant defendants' cross-motion as evidence of the Court prejudging the motions or inverting the parties' respective burdens.   (Richardson Mot. Br. pp.14, 15) (quoting Aug. 16, 2024 Op. p.2 n.2).)   Plaintiff's presumption that the Court decided the motions while in the process of drafting is mistaken.   Rather, the Court reviewed the parties' briefs and exhibits and arrived at a decision before drafting.   Use of the term "will" is further appropriate as a separate, accompanying document—the order—gives effect to the reasoning provided in the opinion.

4

Mot. Br. p. 17), she ignores the fact that her mark appears on the Supplemental Register (ECF No. 191–6 p. 2).   Registration on the Supplemental Register is not accompanied by a similar presumption of validity.   2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 19:36 (5th ed. 2026).   In order to establish validity—and protectability for the purposes of an infringement action—for such a mark, a "[p]laintiff must show that the mark it seeks to protect is inherently distinctive or that it has developed secondary meaning."   *See Colur World, LLC v. SmartHealth, Inc.*, Case No. 09–00505, 2010 WL 299512, at *3 (E.D. Pa. Jan. 25, 2010).   The evidence presented by plaintiff did not support such validity or protectability.

13.   Second, Richardson's reliance on Judge Hillman's preliminary injunction decision ignores the "entirely different" standards governing preliminary injunction and summary judgment motions.   *See Bruni v. City of Pittsburgh*, 824 F.3d 353, 361 n.11 (3d Cir. 2016).   Judge Hillman's decision was made without the benefit of discovery and expressly concluded that Richardson's mark was entitled to a presumption of validity due to defendants' failure to present arguments relating to their affirmative defense that the mark was generic.   (Mar. 20, 2022 Op. p. 5 n.1.)   Summary judgment, on the other hand, is appropriate when there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law.   *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 203 (3d Cir. 2022).   A dispute is not genuine if no reasonable jury could find for the nonmovant.   *See id.* at 203–04.   Though the classification of a mark is a question of fact, that question may be answered at summary judgment if the evidence is so one-sided as to remove any doubt.   *See Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, Case No. 12–00787, 2018 WL 10339218, at *6 (D.N.J. Nov. 29, 2018).   The Court so found in its summary judgment decision.   Richardson may disagree with or be surprised by that decision, but she may not find relief in Rule 60(b)(6).

Accordingly,

**IT IS** on this **15th** day of **April 2026   ORDERED** that:

1.   The motion at ECF No. 215 is **DENIED**.   The Clerk's Office is directed to terminate the motion at ECF No. 215 and mark this case **CLOSED**.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

5